FILED

March 13, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 1:15 PM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | | |
|---|---|---|
| HOWARD SWENNEY, | ) | Docket No. 2017-06-1187 |
| Employee, | ) | |
| v. | ) | |
| | ) | State File No. 47556-2017 |
| JERRY CARTER, D.B.A. CARTER ROOFING, | ) | |
| Uninsured Employer. | ) | |
| | ) | Judge Joshua Davis Baker |

## EXPEDITED HEARING ORDER FOR MEDICAL AND TEMPORARY DISABILITY BENEFITS

The Court convened an expedited hearing on February 22, 2018. The central legal issues are whether Mr. Swenney would likely prevail at a hearing on the merits in proving his entitlement to medical and temporary disability benefits, and whether he is eligible to seek payment from the Uninsured Employers Fund (UEF). The Court holds that Mr. Swenney would likely succeed at a hearing on the merits in proving entitlement to temporary disability and medical benefits. The Court further holds Mr. Swenney is eligible to seek payment from the UEF.

## Claim History

This claim concerns Mr. Swenney's fall from scaffolding and its subsequent collapse onto him while he was installing roofing beams inside a garage for Mr. Carter, an uninsured employer, on May 2, 2017. As no one appeared to represent Mr. Carter, the claim history comes exclusively from Mr. Swenney's evidence.

Several of Mr. Swenney's colleagues, including Mr. Carter, extricated Mr. Swenney from beneath the scaffolding. Mr. Swenney then sat in Mr. Carter's truck until lunchtime, when Mr. Carter drove him to his home in Erin, Tennessee rather than to a hospital. Mr. Swenney testified he was in severe pain and could not get up from the couch. The following evening, his girlfriend took him to a local hospital where he was diagnosed with rib, lung and spinal injuries. Mr. Swenney received physical therapy to alleviate his condition, but his pain and symptoms continued.

On June 23, 2017, when Mr. Carter had failed to provide Mr. Swenney any medical care or temporary disability benefits for almost two months, Mr. Swenney filed a petition for benefit determination (PBD). The Bureau of Workers' Compensation initiated an investigation after receiving the PBD and determined Mr. Carter lacked workers' compensation insurance. The Bureau assessed Mr. Carter a civil penalty for failing to provide coverage.

Mr. Swenney has not worked since the accident. His attorney sent a letter seeking an opinion on his ability to work following the accident to the physician who treated him in the emergency room. The physician refused to respond.

**Findings of Fact and Conclusions of Law**

Mr. Swenney need not prove every element of his claim by a preponderance of the evidence to obtain relief at an expedited hearing. Instead, he must present sufficient evidence that he is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). The Court finds Mr. Swenney carried this burden.

The Workers' Compensation Law defines an "injury" as "an injury by accident . . . arising primarily out of and in the course and scope of employment that causes death, disablement, or the need for medical treatment." An injury is "accidental" if it is caused by "a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment[.]" Tenn. Code Ann. § 50-6-102(14)(A). Mr. Swenney's uncontroverted evidence showed that he suffered an injury by accident that arose out of his employment for Mr. Carter.

Mr. Swenney received medical treatment following the accident but is seeking additional treatment for asserted rib and spinal injuries. The Workers' Compensation Law provides that employers must furnish, free of charge, medical treatment made reasonably necessary by the work-related accident. *See* Tenn. Code Ann. § 50-6-204(a)(1)(A). The Court holds that Mr. Carter must provide Mr. Swenney additional medical treatment.

Mr. Swenney also seeks temporary disability benefits. To receive temporary disability benefits, Mr. Swenney must show (1) that he became disabled from working because of a compensable injury; (2) that a causal connection exists between the injury and his inability to work; and (3) the duration of his period of disability. *Jones v. Crencor,* 2015 TN Wrk. Comp. App. Bd. LEXIS 48, at *7 (Dec. 11, 2015). Unless Mr. Swenney establishes all three criteria, the Court cannot award him benefits.

2

While Mr. Swenney testified he cannot work following the accident, he provided no medical proof to support his claim. His attorney sent a letter to the doctor who attended him at the emergency room, seeking her opinion on his ability to work following the accident. The doctor declined to provide an opinion. Without expert medical proof showing his period of disability, the Court cannot award Mr. Swenney temporary disability benefits. This finding does not, however, prevent Mr. Swenney from obtaining expert medical proof of the period of disability and presenting it to the Court at another time.

Mr. Swenney also seeks verification to request benefits from the UEF. The Bureau has discretion to pay limited temporary disability and medical benefits to an injured employee who suffered a workplace injury and who meets the following criteria:

1. The employee worked for an employer who failed to carry workers' compensation insurance;
2. The employee suffered an injury arising primarily out of and in the course and scope of employment after July 1, 2015, at a time when the employer did not have workers' compensation insurance;
3. The employee was a Tennessee resident on the date of injury; and
4. The employee provided notice to the Bureau within sixty days of the injury and of his employer's failure to provide workers' compensation insurance.

Tenn. Code Ann. § 50-6-801(d)(1)-(4). The proof showed Mr. Swenney met all the criteria for seeking discretionary payment through the UEF. He lived in Tennessee as a resident at the time of the accident, which occurred after July 1, 2015. He worked for an employer who failed to carry workers' compensation insurance at the time of his injury. He provided timely notice to the Bureau of his injury and of Mr. Carter's failure to provide workers' compensation insurance. The Court, therefore, holds that he is eligible for benefits from the UEF.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Carter shall provide Mr. Swenney with medical treatment made reasonably necessary by his workplace accident in accordance with Tennessee Code Annotated section 50-6-204.

2. Mr. Swenney's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on April 25, 2018, at 1:00 p.m. (CDT). The parties must call 615-741-2112 or toll-free at 855-874-0473 to participate. Failure to call may result in a determination of the issues without the parties' participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED ON MARCH 13, 2018.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

# **APPENDIX**

Exhibits:

1. Affidavit of Howard Swenney
2. Medical Records
3. Request for Investigation and Investigative Report
4. Agency Decision Assessing Civil Penalty

Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Order was sent to the following recipients by the following methods of service on March 13, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| David Goodman, Employee's Attorney | | | X | dgoodman@forthepeople.com |
| Carter Roofing, c/o Jerry Carter, Employer | X | | | 3160 Lewis Branch Road Tennessee Ridge, TN 37178 |

_____
Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
Wc.courtclerk@tn.gov

6